## McClintock v. Whittemore.

Where the character of a witness is impeached by evidence, the party calling him shall not for the purpose of sustaining his credit, accumulate evidence upon an immaterial fact, to which such witness has testified.

Case.    The declaration alleged that David Danforth a deputy of the defendant, who was then sheriff of the county, on the first of September 1835 attached certain

McClintock *v.* Whittemore.

personal property upon a writ against the plaintiff; that the same was afterward sold by him by agreement of the parties, and the proceeds retained in his hands to await the disposition of the suit. That the suit was afterward settled and dismissed, and that Danforth refused to pay the money to the plaintiff. To prove a demand upon Danforth after the action was dismissed, the plaintiff introduced John Merrill as a witness, who testified that after the suit was settled the plaintiff made a demand of the money of the defendant, and that he was then employed by the plaintiff as his agent to make a demand upon Danforth, and was sent by the plaintiff to call upon B. M. Farley, Esq., on his way to make the demand; that he called upon said Farley and was directed by him to make a demand upon Danforth, which he did.

The character of this witness for truth and veracity was impeached by witnesses introduced by the defendant. Whereupon the plaintiff offered to corroborate the facts stated by Merrill, by proving by said Farley that Merrill called on him as he testified, and that he directed him to make a demand upon Danforth.

The court ruled that this testimony was inadmissible—the fact which was thus stated by Merrill and to be proved by said Farley being immaterial.

The jury having returned a verdict for the defendant, the plaintiff moves for a new trial.

*Barstow*, for the plaintiff.

*Pierce*, for the defendant.

GILCHRIST, J. The plaintiff sought to introduce cumulative evidence at the trial, to prove that a witness who testified to the making of the necessary demand upon the defendant, called upon Mr. Farley previous to making the demand, and had a certain conversation with him. It is

wholly immaterial to the cause whether such a visit was made, and what was the conversation between the visitor and the receiver of the visit, and evidence to the point was incidentally and through sufferance introduced by the plaintiff in the first instance, and was not probably deemed by either party to have any connection with the matters in controversy. Nothing occurred during the trial to render it material to know whether or not the witness actually called upon Mr. Farley, as he had testified that he did. It does not obviate the force of the evidence impeaching the character of the witness for truth, to show that he told the truth so far as regarded the visit to Mr. Farley, or upon any other occasion, or any number of occasions.

*Judgment on the verdict.*